No. 2016-2110

*In the*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CLAIMANT-APPELLANT'S BRIEF

*Re*

## BENNIE C. ROBINSON,

Claimant-Appellant,

*versus*

## ROBERT A. MCDONALD,

Secretary of Veterans Affairs,

Respondent-Appellee.

**ON APPEAL FROM THE**
**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**
**IN VET APP NO. 14-619, JUDGE ROBERT N. DAVIS.**

**KENNETH M. CARPENTER**
Carpenter, Chartered
1525 Southwest Topeka Boulevard
Post Office Box 2099
Topeka, Kansas 66601
785-357-5251

Attorney for Claimant-Appellant

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

ROBINSON V. DVA,

**Certificate of Interest**

Counsel for the Claimant-Appellant certifies the following:

1.    The full name of every party or *amicus* represented by me is:

Bennie C. Robinson.

2.    The name of the real party in interest (if the party named in the caption is not

the real party in interest) represented by me is:

Same.

3.    All parent corporations and any publicly held companies that own 10 percent

or more of the stock of the party or *amicus curiae* represented by me are:

None.

4.    The names of all law firms and the partners or associates that appeared for the

party or *amicus* now represented by me in the trial court or agency or are

expected to appear in this Court are:

Kenneth M. Carpenter, Esq., Carpenter, Chartered.

Date: 8-19-16

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

# Table of Contents

Page

Certificate of Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-iii

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv-v

Statement of Related Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Statement of Subject-Matter and Appellate Jurisdiction . . . . . . . . . . . . . . . . . . . 1

Statement of the Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    Nature of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    Statement of Facts, Course of Proceedings and Disposition Below . . 1

Summary of the Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    II.    The Veterans Court did not use the complete legal standard
for determining prevailing party . . . . . . . . . . . . . . . . . . . . . . . . 4

        A.    The administrative error by the Board . . . . . . . . . . . . . . . . 4

        B.    The decision of the Veterans Court required
further proceedings by the Board . . . . . . . . . . . . . . . . . . 6

        C.    The decision of the Veterans Court on Mr.
Robinson's EAJA application . . . . . . . . . . . . . . . . . . . . . 7

Page

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

Addendum - CAVC Decision  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

# Table of Authorities

**Page**

## Decisions

*Davis v. Nicholson*,  475 F.3d 1360 (Fed. Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

*Dover v. McDonald*, 818 F.3d 1316 (2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8, 11

*Former Emps. of Motorola Ceramic Prods. v. United States*,
336 F.3d 1360 (Fed.Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 10, 11

*Godfrey v. Derwinski*, 2 Vet. App. 352 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

*Gordon v. Principi*, 17 Vet. App. 221 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10, 11

*Gurley v. Peake*,  528 F.3d 1322 (Fed. Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

*Halpern v. Principi*,  384 F.3d 1297 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . .  3, 11

*Hanrahan v. Hampton*, 446 U.S. 754 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Hewitt v. Helms*, 482 U.S. 755 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Schafrath v. Derwinski*, 1 Vet. App. 589 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

## Statutes

38 U.S.C. § 5110(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4, 5

38 U.S.C. § 7104(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4, 5

38 U.S.C. § 7261(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

38 U.S.C. §§ 7292(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

38 U.S.C. §§ 7292(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Page

## Regulations

38 C.F.R. § 3.400(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4, 5

38 C.F.R. § 17.33(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

## Other

Veterans Health Administration (VHA) Directive 2006-041 . . . . . . . . . . . . . . . . . . . . . . .  5

## Statement of Related Cases

Pursuant to Fed. Cir. R. 47.5, the undersigned counsel states that no other appeal has been taken in this case in or from the United States Court of Appeals for Veterans Claims ("Veterans Court") before this Court or any other appellate court.

Undersigned counsel further states that he is unaware of any cases pending before this Court which would directly affect this Court's decision in this appeal.

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

## Statement of Subject-Matter and

## Appellate Jurisdiction

On February 23, 2016, the United States Court of Appeals for Veterans Claims denied Mr. Robinson's application for attorney fees and expenses under the Equal Access to Justice Act. On May 23, 2016, Mr. Robinson timely appealed the order to this Court. This Court has jurisdiction pursuant to 38 U.S.C. §§ 7292(a), (c). The issue on appeal is entirely an issue of law. The order appealed from is final.

## Statement of the Issue

Whether the Veterans Court used the complete legal standard
for determining prevailing party?

## Statement of the Case

**A.**    **Nature of the Case.**

This appeal involves concerns the complete criteria for establishing prevailing party status under the Equal Access to Justice Act. Prevailing party status is established by an administrative error made by the Board of Veterans Appeals; an appellant obtaining a remand which requires further agency proceedings, and the Veterans Court does not retain jurisdiction.

**B.**    **Statement of the Facts, course of proceedings and disposition below.**

On May 22, 2015, the Veterans Court submitted a single judge memorandum decision disposing of Mr. Robinson's appeal of November 21, 2013 decision of the

-1-

Board of Veterans Appeals[1]. Appx10-13. On September 11, 2015, Mr.
Robinson submitted to the Veterans Court a timely application for attorney fees and
expense under the Equal Access to Justice Act. Appx14-18. On October 9, 2015, the
VA filed a response to Mr. Robinson's application. Appx19-29. On February 23, 2016,
the Veterans Court denied Mr. Robinson's application for attorney fees and expense
under the Equal Access to Justice Act. Appx 1-2.

## Summary of the Arguments

The VA decision appealed by Mr. Robinson to the Board concerned the effective
date assigned by the VA for a 60 percent rating for service-connected coronary artery
disease post myocardial infarction. While it is true that neither Mr. Robinson raised nor
the Board addressed the issue presented to the Veterans Court, which was whether the
proper date for a 60 percent disability rating should have been the date the VA
cardiologist ordered the tests rather than the date the test was ultimately administered,
the Board had a statutory duty to consider all evidence of record and consider and apply
all potentially applicable provisions of law and regulation.

The decision of the Veterans Court to deny Mr. Robinson's application for
attorney fees and expense under the Equal Access to Justice Act did not consider the
complete criteria to determine whether Mr. Robinson was a prevailing party in the

---

[1] References to the Joint Appendix to be filed by the Appellant with his reply brief will
be cited as "Appx__."

underlying or merits litigation. The lower court incorrectly limited its determination to whether or not its remand was predicated upon an administrative error by the Board. As a result, the court below did not use the complete criteria for determining if Mr. Robinson was a prevailing party which this Court has articulated for prevailing party determinations. Using the complete standard, the remand below was predicated upon an administrative error, the remand obtained by the appellant required further agency proceedings, and the Veterans Court did not retain jurisdiction— prevailing party has been established.

## Arguments

### I.

### Standard for Review.

Where adoption of a particular legal standard dictates the outcome of a case based on undisputed facts, this Court may address that issue as a question of law. *Halpern v. Principi*, 384 F.3d 1297, 1306 (Fed. Cir. 2004). Applying this principle, this Court conducts a *de novo* review of the Veterans Court's determinations of prevailing party status. *See, e.g., Gurley v. Peake*, 528 F.3d 1322, 1326 (Fed. Cir. 2008); *Davis v. Nicholson*, 475 F.3d 1360, 1363 (Fed. Cir. 2007).

## II.

### The Veterans Court did not use the complete legal standard for determining prevailing party.

**A.**  **The administrative error by the Board.**

Congress has mandated that:

> Decisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation.

38 U.S.C. § 7104(a). "Where a VA regulation [or a statute] is made potentially applicable through the assertions and issues raised in the record, the Board's refusal to acknowledge and consider that regulation is 'arbitrary, capricious, an abuse of discretion,' and 'not in accordance with the law.'" *Schafrath v. Derwinski*, 1 Vet. App. 589, 593 (1991) (quoting 38 U.S.C. § 7261(a)(3)). Additionally, the Board is not free to ignore issues that a veteran raises during the course of an appeal. *Godfrey v. Derwinski*, 2 Vet. App. 352, 357 (1992). The issue in Mr. Robinson's appeal was the effective date assigned by the VA for a 60 percent rating for service-connected coronary artery disease post myocardial infarction.

This issue required consideration of the provisions of 38 U.S.C. § 5110(a) and 38 C.F.R. § 3.400(a). Both statute and regulation require that an effective date be fixed in accordance with "the facts found." Before the Veterans Court, Mr. Robinson argued that the Board should have awarded the 60% disability rating from

the date VA ordered the medical tests in 2006, rather than the April 2007 date that the test was given. Mr. Robinson asserted 38 C.F.R. § 17.33(a)(2) and Veterans Health Administration (VHA) Directive 2006-041, when read together, require that VA patients receive treatment within 30 days. *See* 38 C.F.R. § 17.33(a)(2) (2014) ("Patients have a right to receive, to the extent of eligibility therefor under the law, prompt and appropriate treatment for any physical or emotional disability."); VHA Directive 2006-041 (June 27, 2006) ("Veterans Health Care Service Standards")." Appx11. Based on this argument the lower court considered the issue in the first instance. The decision to remand was implicitly based on this administrative error by the Board.

It was the decision below that: "After balancing the competing interests at stake, the Court determines that it is appropriate to remand this matter for the Board to address in the first instance and make relevant findings of fact." Appx11. In light of the Board's duty under 38 U.S.C. § 7104(a) as well as the requirements of 38 U.S.C. § 5110(a) and 38 C.F.R. § 3.400(a) this determination was an implicit finding of administrative error by the Board.

In its decision on Mr. Robinson's application for attorney fees and expense under the Equal Access to Justice Act (EAJA) the Veterans Court incorrectly determined:

> Mr. Robinson contends that he is a prevailing party

because the Court set aside and remanded the Board's decision. However, **the Court's decision was not predicated on administrative error by the Board**. Rather, the Court remanded the matter because "[a]fter balancing the competing interests at stake, the Court determine[d] that it is appropriate to remand this matter for the Board to address [it] in the first instance and make the relevant findings of fact." *Robinson v. Shinseki*, No. 14-0619, 2015 WL 2448037, at *2 (Vet. App. May 22, 2015) (*citing Maggitt, supra*). Accordingly, Mr. Robinson has not demonstrated prevailing-party status, and consequently, his application for attorney fees will be denied. *Gordon, supra*.

Appx2. (emphasis added).

## B.   The decision of the Veterans Court required further proceedings by the Board.

The lower court set aside the Board's November 21, 2013, decision and remanded the matter to the Board for further proceedings. This disposition met the second requirement for establishing prevailing party status. *See Former Emps. of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1366 (Fed.Cir. 2003). By requiring further proceedings the remand below altered the legal relationship of the parties. Prior to the decision of the Veterans Court to set aside the Board's decision, the legal relationship of the parties was that the effective date issue was final unless disturbed by the Veterans Court. The decision of the Board was set aside, thereby altering the legal relationship of the parties and caused the Board to undertake further proceedings. The setting aside of the Board's decision renders that decision a nullity and the remand by the Veterans Court requires a new decision by the Board on this

issue of the effective date to be assigned.

## C.    The decision of the Veterans Court on Mr. Robinson's EAJA application.

The decision below relied upon an incomplete legal standard for establishing prevailing status as shown by the following:

> A party seeking EAJA fees has the burden of demonstrating prevailing-party status. *See Weierbach v. West*, 12 Vet.App. 486, 487 (1999). An appellant is considered a prevailing party upon either "(1) the ultimate receipt of a benefit that was sought in bringing the litigation, i.e., the award of a benefit, or (2) a court remand predicated upon administrative error." *Zuberi v. Nicholson*, 19 Vet.App. 541, 544 (2006); *see Sumner v. Principi*, 15 Vet.App. 256, 264 (2001) (*en banc*), *aff'd sub nom. Vaughn v. Principi*, 336 F.3d 1351 (Fed. Cir. 2003) ("[A] remand does not constitute 'some relief on the merits' unless that remand is predicated upon administrative error."). When the Court finds no error "but, rather, remand[s] the matter for the Board to consider [an] issue raised for the first time on appeal, such a . . . remand does not, by itself, confer prevailing party status." *Gordon v. Principi*, 17 Vet.App. 221, 224 (2003); *see also Maggitt v. West*, 202 F.3d 1370, 1377-78 (Fed. Cir. 2000) (if Court has jurisdiction over the claim, issues presented for the first time on appeal may be addressed, disregarded, or remanded to the Board for further development).

Appx1-2. While the lower court correctly articulates part of the legal standard for determining prevailing party under EAJA, it did not set out the complete criteria. Under the complete standard since Mr. Robinson received at some relief on the merits and that relief altered the legal relationship of the parties, he was a prevailing party.

Mr. Robinson was the prevailing party because the remand he won was necessitated by an administrative error by the Board, and the remand called for — and Mr. Robinson received an order requiring — further proceedings by the Board, and the Veterans Court did not retain jurisdiction. These are the complete criteria for the determination of prevailing party under EAJA as was recently reaffirmed by this Court in *Dover v. McDonald*, 818 F.3d 1316 (2016). In *Dover*, this Court held that Mrs. Dover was the prevailing party because the remand she won was necessitated by agency error, the remand called for—and Mrs. Dover received—further agency proceedings, and the Veterans Court did not retain jurisdiction. *Dover*, 818 F.3d 1319. In accordance with this holding and the disposition of Mr. Robinson's appeal below, he was likewise a prevailing party.

At issue in Mr. Robinson's appeal was the proper date to be assigned for the VA's 60% disability rating for his service connected ischemic heart disease. Specifically, should the date be the date that the VA's cardiologist ordered the tests or should the date be the date that the VA administered the test and obtained the results. The merits decision of the Veterans Court noted:

> In the decision on appeal, the Board determined that Mr. Robinson should be assigned a 60% disability rating beginning on April 2, 2007. The Board explained that April 2, 2007, was the date of "medical evidence [that] showed an ejection fraction of 44[%] via stress test, or ejection fraction of 57[%] via echocardiogram." R. at 15; *see* 38 C.F.R. § 4.104, Diagnostic Code (DC) 7005 (2014)

(providing a 60% disability rating when there is, among other things, left ventricular dysfunction with an ejection fraction of 30% to 50%). Mr. Robinson did not assert, and the Board did not address, the issue now presented to the Court, that is, whether the proper date for the 60% disability rating should be the date the VA cardiologist ordered the tests rather than the date that the test ultimately was administered.

Appx11. There is no factual dispute that Mr. Robinson did not assert, and the Board did not address, the issue presented to the Veterans Court, concerning whether the proper date for the 60% disability rating should be the date the VA cardiologist ordered the tests rather than the date that the test ultimately was administered.

The decision on Mr. Robinson's appeal was:

> After balancing the competing interests at stake, the Court determines that it is appropriate to remand this matter for the Board to address in the first instance and make the relevant findings of fact. *See* 38 U.S.C. § 7252(a); *Maggitt, supra; see also Hensley v. West*, 212 F.3d 1255, 1263-64 (Fed. Cir. 2000) (explaining that when a court of appeals reviews a lower court's decision, it may remand the case if the previous adjudicator failed to make findings of fact essential to the decision); *McCormick v. Gober*, 14 Vet.App. 39, 45 (2000) (holding that remand is appropriate where it would "likely benefit the Court by producing 'a better record ... for appellate review of the [Board's] decision'" (quoting *Maggitt, supra*)). In pursuing his claim on remand, Mr. Robinson will be free to submit additional argument and evidence as to the remanded matter, and the Board must consider any such evidence or argument submitted. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002).

Appx11. As a result, the lower court set aside the Board's November 21, 2013,

decision and remanded his appeal "for further proceedings." *Id.*

This Court has made it clear that prevailing party status is established when an

appeal to the Veterans Court results in a remand which requires further proceedings

before the Board. A remand for further proceedings by a lower civil court in the

federal system is not typically considered relief on the merits. See, e.g., *Hewitt v.

Helms*, 482 U.S. 755, 762 (1987) and ; *Hanrahan v. Hampton*, 446 U.S. 754, 758-759

(1980). However, this Court has held that remand to an administrative agency is

different. *See Former Emps. of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360,

1366 (Fed.Cir. 2003). An appeal of an agency decision "is treated as a separate

proceeding from the administrative proceeding, and a remand may [therefore]

constitute the securing of relief on the merits." *Id.* Consequently, this Court has held

that where the remanding court has not retained jurisdiction, a remand to an

administrative agency is relief on the merits if the remand was necessitated by agency

error, and the remand calls for further agency proceedings. *Motorola*, 336 F.3d at

1366.

The Veterans Court neither cited to nor discussed this Court's decision in

*Motorola.* Instead, the court below relied on its own precedent in *Gordon v. Principi*, 17

Vet.App. 221, 224 (2003) for the proposition that when the Court finds no error but,

rather, remands the matter for the Board to consider an issue raised for the first time

on appeal, such a remand does not, by itself, confer prevailing party status. The decision of the Veterans Court in *Gordon* was decided in August 8, 2003. This Court's decision in *Motorola* was decided on July 24, 2003, 15 days before the decision in *Gordon*. This Court's decision in *Motorola* was not a matter involving an award of EAJA from a proceeding before the Veterans Court.

However, this Court's decision in *Halpern v. Principi*, 384 F.3d 1297 (Fed. Cir. 2004) extended this Court's holding in *Motorola* matter involving an award of EAJA from a proceeding before the Veterans Court. And, as noted above this Court's recent decision in *Dover, supra.*, recognized the legal standard for establishing prevailing party status under EAJA adopted in *Motorola*. Just as Mrs. Dover was the prevailing party, Mr. Robinson was the prevailing party because the remand he won was necessitated by agency error and the remand called for — and Mr. Robinson received — an order for further agency proceedings, and the Veterans Court did not retain jurisdiction. *Dover*, 818 F.3d 1319. Thus, the determination of the Veterans Court that Mr. Robinson was not entitled to attorney's fees under the EAJA as a prevailing party must be reversed.

## Conclusion

For the foregoing reasons, the Court should reverse the decision of the

Veterans Court and instruct the Veterans Court to proceed with its consideration of

whether the position of the VA at the administrative and litigation level was

substantially justified so as to warrant an award of attorney's fees under the EAJA.

Respectfully Submitted,

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com
Attorney for Claimant-Appellant
Bennie C. Robinson

## Certificate of Compliance

Pursuant to Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, Appellant's counsel certifies that this Brief complies with the Court's type-volume limitation rules.   This brief was printed in Garamond font at 14 points.  According to the word-count calculated, using WordPerfect v.11, this Brief contains a total of 2705 words, which is within the 14,000 word limit.

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

## Certificate of Service

I certify that on the ___19th___ day of ___August___, 2016, the foregoing opening brief was electronically filed through CM/ECF system with the Clerk, United States Court of Appeals for the Federal Circuit and six (6) paper copies of the same document were mailed to the Clerk, United States Court of Appeals for the Federal Circuit by United States Mail, postage prepaid.  Copies of the document were served through the Court's CM/ECF system via the Notice of Docket Activity to:

Aaron Woodward, Esq.
Department of Justice
Civil Division, Commercial Litigation Branch
aaron.e.woodward@usdoj.gov

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

**ADDENDUM - CAVC DECISION**

*Designated for electronic publication only*

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 14-0619(E)

BENNIE C. ROBINSON, APPELLANT,

v.

ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before DAVIS, *Judge.*

**MEMORANDUM DECISION**

*Note: Pursuant to U.S. Vet. App. R. 30(a),
this action may not be cited as precedent.*

DAVIS, *Judge*: Before the Court is appellant Bennie C. Robinson's September 11, 2015, application for an award of $5,447.38 in attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). For the reasons set forth below, the Court will deny Mr. Robinson's EAJA application.

## I. ANALYSIS

To establish eligibility for an EAJA award, an appellant's application must be filed within 30 days after final judgment and contain (1) a showing that the appellant is a prevailing party, (2) an assertion that the appellant's net worth does not exceed $2,000,000, (3) an allegation that the Secretary's position was not substantially justified, and (4) an itemized statement of the fees and expenses sought. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Scarborough v. Principi*, 541 U.S. 401, 407-08 (2004); *Owens v. Brown*, 10 Vet.App. 65, 66 (1997). Here, the Secretary disputes only Mr. Robinson's prevailing-party status.

A party seeking EAJA fees has the burden of demonstrating prevailing-party status. *See Weierbach v. West*, 12 Vet.App. 486, 487 (1999). An appellant is considered a prevailing party upon either "(1) the ultimate receipt of a benefit that was sought in bringing the litigation, i.e., the award

of a benefit, or (2) a court remand predicated upon administrative error." *Zuberi v. Nicholson*, 19 Vet.App. 541, 544 (2006); *see Sumner v. Principi*, 15 Vet.App. 256, 264 (2001) (en banc), *aff'd sub nom. Vaughn v. Principi*, 336 F.3d 1351 (Fed. Cir. 2003) ("[A] remand does not constitute 'some relief on the merits' unless that remand is predicated upon administrative error."). When the Court finds no error "but, rather, remand[s] the matter for the Board to consider [an] issue raised for the first time on appeal, such a . . . remand does not, by itself, confer prevailing party status." *Gordon v. Principi*, 17 Vet.App. 221, 224 (2003); *see also Maggitt v. West*, 202 F.3d 1370, 1377-78 (Fed. Cir. 2000) (if Court has jurisdiction over the claim, issues presented for the first time on appeal may be addressed, disregarded, or remanded to the Board for further development).

Mr. Robinson contends that he is a prevailing party because the Court set aside and remanded the Board's decision. However, the Court's decision was not predicated on administrative error by the Board. Rather, the Court remanded the matter because "[a]fter balancing the competing interests at stake, the Court determine[d] that it is appropriate to remand this matter for the Board to address [it] in the first instance and make the relevant findings of fact." *Robinson v. Shinseki*, No. 14-0619, 2015 WL 2448037, at *2 (Vet. App. May 22, 2015) (citing *Maggitt, supra*). Accordingly, Mr. Robinson has not demonstrated prevailing-party status, and consequently, his application for attorney fees will be denied. *Gordon, supra*.

## II. CONCLUSION

Based on the foregoing, the Court DENIES Mr. Robinson's EAJA application in the amount of $5,447.38.

DATED: February 23, 2016

Copies to:

Virginia A. Girard-Brady, Esq.

VA General Counsel (027)

Appx2