No. 2016-2110

---

*In the*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

---

## CLAIMANT-APPELLANT'S REPLY BRIEF

*Re*

---

**BENNIE C. ROBINSON,**

Claimant-Appellant,

*versus*

**ROBERT A. MCDONALD,**

Secretary of Veterans Affairs,

Respondent-Appellee.

---

ON APPEAL FROM THE
UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS
IN VET APP NO. 14-619, JUDGE ROBERT N. DAVIS.

---

KENNETH M. CARPENTER
Carpenter, Chartered
1525 Southwest Topeka Boulevard
Post Office Box 2099
Topeka, Kansas 66601
785-357-5251

Attorney for Claimant-Appellant

## Table of Contents

Page

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of Rebuttal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. This Court has jurisdiction to review whether the merit determination by the Veterans Court was based upon an administrative error by the Board . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. The disposition of Mr. Robinson's appeal by the Veterans Court required further proceedings on remand . . . . . . . . . . . . . . . . . . 4

III. The decision of the Veterans Court was not in accordance with controlling law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

A. *Motorola* is controlling . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

B. *Dover* is controlling . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

C. *Halpern* was distinguished by this Court in *Dover* . . . . . . . . . . . . 9

D. The legal relationship of the parties was altered . . . . . . . . . . . . 11

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# Table of Authorities

Page

## Decisions

*Davis v. Nicholson*, 475 F.3d 1360, (Fed. Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Dover v. McDonald*, 818 F.3d 1316 (Fed. Cir. 2016) . . . . . . . . . . . . . . . . . 1, 3, 8, 10, 11

*Former Emps. of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7, 8, 9

*Halpern v. Principi*, 384 F.3d 1297 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9

*SEC v. Chenery*, 332 U.S. 194 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

*Shalala v. Schaefer*, 509 U.S. 292 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Sullivan v. Hudson*, 490 U.S. 877 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Thompson v. Shinseki*, 682 F.3d 1377 (Fed. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . 2,3

## Statutes

38 U.S.C. § 5110(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

38 U.S.C. § 7104(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

## Regulations

38 C.F.R. § 3.400(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## Arguments

### Summary of Rebuttal

The Secretary is mistaken about the scope of this Court's jurisdiction to review the issues presented in this matter under the Equal Access to Justice Act (EAJA). This Court does have jurisdiction to review whether the merits determination by the Veterans Court was based upon an administrative error by the Board. The unassailable fact is that the disposition of Mr. Robinson's appeal by the Veterans Court required further proceedings on remand; and that fact, in combination with the administrative error made by the Board, establishes that Mr. Robinson was a prevailing party below.

As well, the decision of the Veterans Court was not in accordance with controlling law. This Court's decisions in *Motorola* and *Dover* are controlling. In *Dover*, this Court distinguished the holding made in *Halpern*. Finally, as a result of the decision on the merits of Mr. Robinson's appeal, the legal relationship between the parties was altered.

### I.

### This Court has jurisdiction to review whether the merits determination by the Veterans Court was based upon an administrative error by the Board.

The Secretary incorrectly asserts that:

> This Court lacks jurisdiction to entertain Mr. Robinson's argument that the Veterans Court erred in its factual determination that the Court's prior remand order was not predicated on administrative e(r)ror. [sic]

*See* VA's Brief, p. 11. In support of this assertion the Secretary relies upon this

Court's decision in *Thompson v. Shinseki*, 682 F.3d 1377 (Fed. Cir. 2012). The Secretary cites to this Court's decision in *Thompson* as follows:

> In *Thompson*, the appellant appealed a Veterans Court decision that denied his EAJA application, where the court had determined a joint motion for remand filed by the parties was not predicated on administrative error. *Id.* at 1381-82.

VA's Brief, p. 12. This quote from the Secretary's brief thus evinces that this Court in *Thompson* exercised its jurisdiction to review the decision of the Veterans Court concerning whether or not there was administrative error by the Board. Accordingly, the decision in *Thompson* does not support the Secretary's assertion that this Court lacks jurisdiction to entertain Mr. Robinson's argument that the Veterans Court erred in its determination that its remand order was not predicated on administrative.

Furthermore, the Secretary misrepresents the holding in *Thompson* as shown by the following:

> In affirming the decision, this Court in *Thompson* noted that any challenge to the Veterans Court's finding regarding administrative error was not review able because it was a "factual determination." *Id.* at 1382.

VA's Brief, p. 12. This is not an accurate restatement of the holding in *Thompson.* What this Court actually said in *Thompson* was:

> To the extent that Mr. Thompson challenges the Veterans Court's factual determination that the remand was not predicated on administrative error, or its application of

> EAJA to the facts of this case, we lack jurisdiction under the standards set forth above. **However, we may address as a question of law Mr. Thompson's contention that a remand based upon *Clemens* necessarily must have been predicated on administrative error**.

*See id.* (emphasis added). Thus, as it did in *Thompson*, this Court can address as a question of law Mr. Robinson's contention that a remand based on the Board's failure to comply with its duty under 38 U.S.C. § 7104(a) necessarily must have been predicated on administrative error.

Additionally, this Court in its recent decision in *Dover v. McDonald*, 818 F.3d 1316 (Fed. Cir. 2016) concluded that:

> **Mrs. Dover was the prevailing party because the remand she won was necessitated by agency error,** the remand called for—and Mrs. Dover received—further agency proceedings, and the Veterans Court did not retain jurisdiction.

*See Dover*, 818 F.3d 1320. (emphasis added). The panel in *Dover* could not have concluded that "the remand she [i.e., Mrs. Dover] won was necessitated by agency error" unless if this Court in fact did ***have*** jurisdiction to review whether the merits determination by the Veterans Court was based upon an administrative error by the Board. For all these reasons the Secretary's assertion that this Court lacks jurisdiction to review the issue of the Veterans Court's merits determination below in the context of this EAJA matter is without support and should be rejected.

## II.

## The disposition of Mr. Robinson's appeal by the Veterans Court required further proceedings on remand.

The Secretary further argues that the Veterans Court correctly concluded there was no administrative error in the Board's decision. *See* VA's Brief, pp. 13-15. The Secretary instead argues that the decision of the Veterans Court resulted from an exercise of its discretion not to invoke the doctrine of issue exhaustion, rather than from an acknowledgment of administrative error. VA's Brief, pp. 15-20. These arguments misunderstand this Court's role in reviewing whether an appellant has proven an administrative error in the agency decision under review in the Veterans Court. In particular, the Secretary misapprehends the holding by this Court in *Davis v. Nicholson*, 475 F.3d 1360, (Fed. Cir. 2007). In *Davis*, this Court held that the appellant: ". . . failed to prove that the remand was based on administrative agency error and that in view of *Motorola*, [Mr.] Davis is not a prevailing party for EAJA purposes." *Davis*, 475 F.3d 1366.

The decision in *Davis* explains:

> The EAJA applicant has the burden of proving he is a prevailing party. *RAMCOR Servs. Group, Inc. v. United States*, 185 F.3d 1286, 1288 (Fed. Cir.1999) ("Once a prevailing party satisfies the EAJA requirements ... the burden shifts to the Government to show that its litigating position was 'substantially justified.' "). Where there has been a remand to an administrative agency without a judicial finding of administrative error or a concession of such error by the

> agency, the default rule is that the remand is not based on administrative error for EAJA purposes under the *Motorola* test. **This default rule places the burden on the EAJA applicant to prove, based on the record, that the remand had to have been predicated on administrative error even though the remand order does not say so.**

*See id.* (emphasis added). Consistent with this reasoning, on appeal to this Court Mr. Robinson has established, that based on the record in his case, that the remand decision below was predicated on an administrative error by the Board even though the remand order by the Veterans Court "did not say so." *Id.*

Based upon this proof, in combination with the disposition of Mr. Robinson's appeal by the Veterans Court— which required further proceedings on remand—, he established he was a prevailing party in the proceedings below. This is the case even though, as the Secretary correctly states, "[T]he Veterans Court's remand order does not state that the board committed error." VA's Brief, p. 14. The Veteran Court's failure to make such an explicit statement is not dispositive of the question of whether Mr. Robinson was a prevailing party. *See Davis* (citing *Motorola*), *supra.*

Further, as noted by the Secretary, the remand order in *Davis* pertained to newly submitted evidence. *Id.* In Mr. Robinson's case, the remand order below pertained to the Board's failure to address "whether the proper date for the 60% disability rating should be the date the VA cardiologist ordered the tests rather than the date that the test ultimately was administered." Appx11. As explained in Mr.

Robinson's opening brief, this issue required the Board's consideration of the provisions of 38 U.S.C. § 5110(a) and 38 C.F.R. § 3.400(a). *See* Appellant's Opening Brief, p. 4. The Board's failure to consider all potentially applicable provisions of law and regulation, a duty with which it is obligated to comply as a matter of law under 38 U.S.C. § 7104(a), ***was*** an administrative error by the Board.

The issue in Mr. Robinson's appeal was the effective date assigned by the VA for a 60-percent rating for service-connected coronary artery disease, post myocardial infarction. The Veterans Court determined that: "After balancing the competing interests at stake, the Court determines that it is appropriate to remand this matter for the Board to address in the first instance and make relevant findings of fact." Appx12. This determination was an implicit finding that the Board committed an administrative error by having failed to consider all potentially applicable provisions of law and regulation and "make relevant findings of fact" in the first instance. Thus, the conclusion below that there was no administrative error by the Board was incorrect because the Veterans Court ordered the Board on remand to undertake further proceedings – this is dispositive of the issue of whether Mr. Robinson is a prevailing party. This indisputable fact was overlooked by the Veterans Court in its determination that Mr. Robinson was not a prevailing party.

## III.

## The decision of the Veterans Court was not made in accordance with controlling law.

### A. *Motorola* is controlling.

The Secretary also mistakenly argues that this Court's decision in *Former Emps. of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360 (Fed. Cir. 2003), does not lend support to Mr. Robinson's appeal because it is distinguishable from the circumstances of his case. This argument is based on the Secretary's assertion that *Motorola* involved an alleged error by an administrative agency, unlike in Mr. Robinson's case which involves an issue first raised on appeal to the Veterans Court. VA's Brief, pp. 21-23. However, the fact that the basis for the remand by the Veterans Court in Mr. Robinson's case was an issue raised for the first time on appeal is of no moment. This Court in *Motorola* explained:

> Remands to administrative agencies are, however, different. The court proceeding is treated as a separate proceeding from the administrative proceeding, and a remand may constitute the securing of relief on the merits.

*Motorola*, 336 F.3d 1365. Thus, it is the ***nature*** of the remand itself which must be examined, not whether the basis for the remand was raised for the first time on appeal. This Court extrapolated two principles from the Supreme Court decisions in *Shalala v. Schaefer*, 509 U.S. 292 (1993), and *Sullivan v. Hudson*, 490 U.S. 877 (1989), which are:

> When there is a remand to the agency which remand grants relief on the merits sought by the plaintiff, and the trial court does not retain jurisdiction, the securing of the remand order is itself success on the merits. When there is such a remand, and the trial court retains jurisdiction, the claimant is a prevailing party only if it succeeds before the agency.

*Motorola*, 336 F.3d 1366. Based on these principles, this Court concluded:

> But where the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party (1) without regard to the outcome of the agency proceedings where there has been no retention of jurisdiction by the court, or (2) when successful in the remand proceedings where there has been a retention of jurisdiction.

*Id.* Based on this conclusion, there is no merit to the Secretary's assertion that the decision in *Motorola* can be distinguished from the circumstances in Mr. Robinson's case.

**B. *Dover* is controlling.**

The Secretary also is incorrect to argue that this Court's recent decision in *Dover v. McDonald*, 818 F.3d 1316 (Fed. Cir. 2016) can be distinguished from the circumstances in Mr. Robinson's case. VA's Brief, pp. 23-26. To the contrary, this Court's decision in *Dover* is controlling. This Court's holding in *Dover* was, "We reverse because the remand order expressly contemplated, and the appellant received, further agency proceedings, sufficient for prevailing party status under our precedents." Indeed, in Mr. Robinson's case, the remand order expressly

contemplated further agency proceedings which , ***as a matter of law***, is sufficient to establish Mr. Robinson as prevailing party. The remand decision in this case determined : ". . . that it is appropriate to remand this matter for the Board to address in the first instance and make relevant findings of fact." Appx12. Thus, the further agency proceedings required of the Secretary as a result of this remand are for the Board to address in the first instance "whether the proper date for the 60% disability rating should be the date the VA cardiologist ordered the tests rather than the date that the test ultimately was administered" *id.*, and to make relevant findings of fact.

The appellant in *Dover* was the prevailing party because the remand she won was necessitated by agency error, the remand called for—and Mrs. Dover received—further agency proceedings, and the Veterans Court did not retain jurisdiction. *Dover*, 818 F.3d 1320. Likewise, Mr. Robinson was the prevailing party in his appeal because the remand he won was necessitated by agency error, the remand called for further agency proceedings, and the Veterans Court did not retain jurisdiction.

## C. *Halpern* was distinguished by this Court in *Dover*.

The Secretary also wrongly asserts that *Halpern v. Principi*, 384 F.3d 1297 (Fed. Cir.2004) supports the correctness of the decision below. VA's Brief, pp. 26-27. This assertion is unavailing for two reasons. *First*, the Veteran Court's decision does not rely on this Court's decision in *Halpern*. *Cf. SEC v. Chenery*, 332 U.S. 194, 196

(1947) (it is a fundamental rule of administrative law . . . that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency).

*Second*, the VA's claim that the Veterans Court never addressed the merits of Mr. Robinson's entitlement to an earlier effective date, and any further proceedings by the Board were not the result of any administrative error, simply is wrong. The Veterans Court did address the merits of Mr. Robinson's appeal and found that the averment of error required that the Board's decision regarding the issue of the proper ~~on~~ effective date be vacated and readjudicated. Moreover, the Veterans Court did require further proceedings by the Board; specifically, that the Board determine in the first instance "whether the proper date for the 60% disability rating should be the date the VA cardiologist ordered the tests rather than the date that the test ultimately was administered" and to make relevant findings of fact. Appx11. In light of all of these factors, the Secretary's assertion does not withstand scrutiny.

Of equal importance, this Court in *Dover* distinguished the holding in *Halpern* as follows:

> In *Halpern* we found "nothing in the Veterans' Courts disposition of this case that requires further agency proceedings." *Id.* In contrast, the remand order here explicitly calls "for further proceedings." J.A. 68. The order further instructs the Board that it must permit Mrs.

> Dover "to submit additional evidence and argument in support of her claim," and that it is "required to consider any such evidence and argument." *Id.* On remand, the Board complied with these instructions by granting Mrs. Dover further proceedings on the merits. Because the remand order both contemplated and precipitated further agency proceedings on the merits, we conclude that Mrs. Dover was the prevailing party.

*Dover*, 818 F.3d 1319. Overlooked by the Secretary is the concluding sentence of the remand decision in Mr. Robinson's case, which states:

> In pursuing his claim on remand, Mr. Robinson will be free to submit additional argument and evidence as to the remanded matter, and the Board must consider any such evidence or argument submitted. *See Kay v. Principi*, 16 Vet. App. 529, 534 (2002).

Appx12. Thus, because "the remand order" in Mr. Robinson's case, just as in *Dover*, "both contemplated and precipitated further agency proceedings on the merits", this Court should find that he is a "prevailing party." *Dover, supra*. Thus, the Secretary's attempt to rely upon this Court's decision on *Halpern* to the contrary is in direct conflict with this Court's decision in *Dover*.

**D. The legal relationship of the parties was altered.**

Lastly, the Secretary asserts that Mr. Robinson's argument that he is a prevailing party because the legal relationship between the parties was altered is flawed. VA's Brief, pp. 27-28. It is evident that the Secretary does not understand what occurred in Mr. Robinson's appeal. The decision of the Veterans Court below

set aside the Board's November 21, 2013 decision and remanded Mr. Robinson's appeal of the effective date assigned to his 60-percent rating for his cardiac disability. Appx12. In so doing, the Veterans Court unambiguously altered the legal relationship of the parties. Prior to the decision of the Veterans Court to set aside the Board's November 21, 2013 decision and remand Mr. Robinson's appeal, Mr. Robinson's appeal of the VA's decision in this case had been denied. As a direct result of the Veteran Court's decision, this adverse outcome in the November 2013 Board decision was set aside, meaning that Mr. Robinson's appeal was reinstated. Consequently, there is no longer a final adverse decision of the Board denying Mr. Robinson's appeal. Moreover, the Board is required to readjudicate Mr. Robinson's appeal. Thus the legal relationship of the parties was altered. Accordingly, the Secretary's attempt to claim to the contrary is without merit.

## Conclusion

For the foregoing reasons, and for the reasons stated in Mr. Robinson's opening brief, the Court should reverse the decision of the Veterans Court and instruct the Veterans Court to proceed with its consideration of whether the position of the Secretary at the administrative and litigation levels was substantially justified so as to warrant an award of attorney's fees under the EAJA.

Respectfully Submitted,

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com
Attorney for Claimant-Appellant
Bennie C. Robinson

## Certificate of Compliance

Pursuant to Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, Appellant's counsel certifies that this Reply Brief complies with the Court's type-volume limitation rules. This brief was printed in Garamond font at 14 points. According to the word-count calculated, using WordPerfect v.11, this Brief contains a total of 2897 words, which is within the 7,000 word limit.

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

**Certificate of Service**

I certify that on the 29th day of November, 2016, the foregoing reply brief was electronically filed through CM/ECF system with the Clerk, United States Court of Appeals for the Federal Circuit and six (6) paper copies of the same document were mailed to the Clerk, United States Court of Appeals for the Federal Circuit by United States Mail, postage prepaid. Copies of the document were served through the Court's CM/ECF system via the Notice of Docket Activity to:

Aaron Woodward, Esq.
Department of Justice
Civil Division, Commercial Litigation Branch
aaron.e.woodward@usdoj.gov

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com